IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SPIRE STL PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 3:18-CV-1502-NJR-SCW |
| GERALD SCOTT TURMAN, et al., | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion to Appoint Commission Pursuant to Federal Rule of Civil Procedure 71.1(h)(2) filed by Plaintiff Spire STL Pipeline, LLC ("Spire STL") (Doc. 144). In December 2018, the undersigned district judge confirmed Spire STL's condemnation authority and granted Spire STL a preliminary injunction for immediate possession of certain parcels of property in Jersey County, Illinois, for the purpose of constructing a 65-mile natural gas pipeline (Docs. 129, 135). Spire STL now seeks an order appointing a three-person commission to determine the compensation due to Defendant landowners. Defendants oppose the motion, having demanded that a jury determine just compensation.

"[I]t has long been settled that there is no constitutional right to a jury in eminent domain proceedings." *United States v. Reynolds*, 397 U.S. 14, 18 (1970). Instead, under Rule 71.1(h) of the Federal Rules of Civil Procedure, compensation in federal eminent domain cases shall be determined by the court, unless: (1) a federal statute requires a different

tribunal; or (2) a party demands a jury trial. FED. R. CIV. P. 71.1(h)(1). "This latter exception does not create an entitlement to a jury trial" but rather "removes the right of the Court to try the issue of compensation when a jury demand exists." *Rockies Exp. Pipeline, LLC v. 4.895 Acres of Land*, No. 2:08-CV-554, 2008 WL 5050644, at *2 (S.D. Ohio Nov. 20, 2008).

If a party demands a jury trial, as Defendants have in this case, the court may instead appoint a three-member commission to determine just compensation. FED. R. CIV. P. 71.1(h)(2)(A). The rule gives district courts discretion to appoint a commission to determine the issue of just compensation "because of the character, location, or quantity of the property to be condemned, or for other reasons in the interest of justice." *Id.*; *see also Rockies Exp. Pipeline*, 2008 WL 5050644, at *2; *Moore's Federal Practice* § 71.1.11[1][d] ("The courts agree that in making the determination whether to appoint a commission, the focus of the analysis should be on the overall scope of the project.").

The advisory committee notes to Rule 71.1(h) note that a commission may be used when it will: (1) prevent discrimination and provide uniformity of compensation awards; (2) prevent hardship to landowners located long distances from the courthouse; (3) eliminate the burden on juries of having to travel long distances to see the properties; and (4) eliminate the burden on courts from holding numerous jury trials. *See* FED. R. CIV. P. 71.1(h), advisory committee note; *Guardian Pipeline, L.L.C. v. 950.80 Acres of Land*, 210 F. Supp. 2d 976, 978 (N.D. Ill. 2002).

Here, Spire STL argues that the character of the interests sought, the location of the properties, the quantity of the properties, and the importance of consistence in the

compensation awards, among other factors, warrant the appointment of a commission in this case. In response, Defendants argue this case is not so exceptionally complex that a jury could not determine the fair market value of the various takings (Docs. 146, 153).

Based on the relevant factors, the Court finds that the appointment of a commission is appropriate. As argued by Spire STL, there are 41 separate easements on 13 parcels of land that must be valued. Certainly, the logistics and cost of traveling to these properties to view them and evaluate their market value—as the Court would expect a jury to do—weighs in favor of appointing a commission. The Court also seeks to ensure uniformity among the compensation awards and to avoid a windfall or particularly low valuation for any one landowner. And a commission made of experts in land valuation is preferable to lay jurors who "likely would be at a loss to evaluate the inevitable disagreement among experts hired by the litigants" and would "split the difference in the parties' valuations (a tendency that encourages litigants to take extreme positions in jury trials)." *N. Border Pipeline Co. v. 64.111 Acres of Land in Will Cty., Illinois*, 344 F.3d 693, 695 (7th Cir. 2003). To the extent Defendants suggest that having one jury rather than 13 would avoid these issues, the complexity of such a "mega-trial" would be nearly unmanageable. Accordingly, the Court **GRANTS** Spire STL's motion to appoint a commission.

Pursuant to Rule 71.1(h)(2)(C), the Court will appoint a commission "staffed with experts in evaluating market prices for land." *N. Border Pipeline Co.*, 344 F.3d at 695. Prior to doing so, the Court will advise the parties of the identity and qualifications of each prospective commissioner and alternate and permit the parties to examine them. FED. R.

CIV. P. 71.1(h)(2)(C). The parties will then have an opportunity to object to any prospective commissioner, if good causes exists for doing so. *Id.*

In the meantime, the parties are **DIRECTED** to prepare a joint proposed procedure for conducting compensation proceedings before a commission. The parties shall jointly file said proposed procedure by **June 12, 2019**.

Finally, the parties are reminded of the availability of Magistrate Judge Gilbert C. Sison to preside over this matter, should all parties consent in writing. No adverse consequences shall result from choosing not to consent.

**IT IS SO ORDERED.**

DATED: May 14, 2019

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**